IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VICKIE RENE' DODD,

        Plaintiff,

v.                                                                 Civil Action No. 1:14-cv-133

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## **REPORT AND RECOMMENDATION**

## **INTRODUCTION**

On August 8, 2014, Plaintiff Vickie Rene' Dodd ("Plaintiff" or "Dodd"), proceeding *pro se*, filed this action for judicial review of an adverse decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her claim for disability insurance benefits ("DIP") under Title II of the Social Security Act. ECF No. 1. On August 15, 2015, the undersigned granted Dodd's motion to proceed *in forma pauperis*. ECF No. 4. On October 20, 2014, the Commissioner filed a Motion to Dismiss Dodd's complaint–alleging that this Court lacks jurisdiction because Dodd has failed to exhaust her administrative remedies. ECF No. 9. On November 7, 2014, the undersigned advised Dodd "of her right to file a response to the [Commissioner's] Motion," and, within thirty days, "file any opposition she has to Defendant's Motion to Dismiss, explaining why her case should not be dismissed for the reasons set forth in the Motion." ECF No. 11. On December 9, 2014, Dodd filed a response to the Commissioner's motion and a motion for a continuance. ECF No. 13. In Dodd's response, she alleged that the Commissioner failed to serve a copy of her Motion to Dismiss and requested additional time to respond to the Commissioner's Motion. *Id.* In an Order dated December 17, 2014, the undersigned ordered the Clerk to send a copy of the Commissioner's

Motion and Memorandum in Support to Dodd by certified mail. ECF No. 15. The Order also denied Dodd's Motion for Continuance and ordered Dodd to "file any opposition she has to the Defendant's motion to dismiss, explaining why her case should not be dismissed for the reasons set forth in the Defendant's motion to dismiss" within thirty days. *Id*. As of the date of this Report and Recommendation, Dodd has not filed an additional response to the Commissioner's Motion to Dismiss.

**BACKGROUND**

According to the Commissioner's Motion to Dismiss, Dodd applied for DIB and supplemental security income ("SSI"). ECF No. 10 at 1. Dodd's applications were denied and she requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An ALJ hearing was held on October 22, 2013, before ALJ Jeffrey P. La Vicka. ECF No 10-1 at 8. In his Notice of Decision, dated October 31, 2013, ALJ La Vicka first explained that Dodd, by "amend[ing] the alleged onset date of disability to May 13, 2013 . . . would not be entitled to . . . [DIB] . . . because [she did] not have disability insured status on the date of the onset." *Id*. The ALJ noted that Dodd, "through her representative, voluntarily elected to withdraw her request for [a] hearing as it pertains to the application for a period of disability and disability insurance benefits." *Id*. The ALJ further addressed in his decision that Dodd:

> was fully advised of the consequences of her request, including dismissal of the request for hearing regarding her claim for a period of disability and disability insurance benefits with the result that the reconsideration determination for this claim will become final. The undersigned is satisfied that [Dodd] understands the effort of her request.

*Id.* Thus, based on Dodd's request, the ALJ dismissed her DIB claim and found that "[t]he reconsideration determination dated June 29, 2012 remains the final determination with respect to

that portion of her claim." ECF No. 10-1 at 14. As to Dodd's SSI claim, the ALJ found that Dodd had "been disabled under section 1614(a)(3)(A) of the Social Security Act since May 13, 2013." *Id.* The ALJ's Decision stated that if Dodd disagreed with the ALJ's decision she may file an appeal with the Appeals Council within sixty days of the date she received the ALJ's Notice of Decision. *Id* at 4. According to the Decision, "[t]he Appeals Council assumes" Dodd received the ALJ's Decision within five "days after the date of the notice unless" shown otherwise. *Id.* Thus, Dodd had sixty-five days from October 31, 2013, to file her appeal. The ALJ's Decision warned that "[t]he Appeals Council will dismiss a later request unless you show you had a good reason for not filing it on time." *Id.* at 4-5.

On January 15, 2014, nearly three months after the ALJ's Decision, Dodd filed a request for the Appeals Council to review the Decision. *Id.* at 16-17. Dodd contended that she was "unaware that the [ALJ's] 10/31/13 decision waived my right to Title 2 SSD benefits. My attorney . . . did not explain that I would be waiving my right to Title 2 benefits when I amended the onset date to . . . 5/13/13." *Id.* at 17. On June 4, 2014, the Appeals Council dismissed Dodd's request for review. *Id* at 18. The Appeals Council explained:

> The request for review filed on January 15, 2014, was not filed within the 60 days from the date notice of decision was received as required by 20 CFR 404.968(a) and 416.1468(a). The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.
>
> . . .
>
> The Appeals Council has considered [Dodd's] explanation and finds that there is no good cause to extend the time for filing, and, accordingly, dismisses [Dodd's] request for review. The [ALJ's] decision stands as the final decision of the Commissioner.

*Id.* at 19.

On August 8, 2014, Dodd brought her claim to this Court.

3

**DISCUSSION**

In the Commissioner's Motion to Dismiss, she argues that Dodd has failed to exhaust her administrative remedies. Thus, because the Social Security Act only authorizes judicial review of the "final decision" of the Commissioner of Social Security, this Court lacks jurisdiction to conduct a judicial review of Dodd's claim. ECF No. 10 at 3-4.

The federal courts are courts of limited jurisdiction. Judicial review of the Commissioner of Social Security's final decisions are covered under 42 U.S.C. § 405. In part, § 405 states:

> Any individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision* by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> . . .
>
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.*

§ 405(g)-(h) (emphasis added). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision'" of the Commissioner. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S. Ct. 980, 986, 51 L. Ed. 2d 192 (1977). The Supreme Court has held that "[t]he term 'final decision' is not only left undefined by the Act, but its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Regulations provide that once a claimant has completed four administrative steps, the Commissioner is considered to have made its "final decision" and the claimant has "exhausted" her administrative remedies. 20 C.F.R. § 416.1400(a)(5); *see also McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) ("This Court long has acknowledged the general rule that parties exhaust prescribed

4

administrative remedies before seeking relief from the federal courts."); *Weinberger*, 422 U.S. at 766 (finding the Commissioner "may specify such requirements for exhaustion as [s]he deems serve h[er] own interests in effective and efficient administration."). As described under 20 C.F.R. § 416.1400, the four administrative steps to reach the Commissioner's "final decision" must be satisfied in the following order:

> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

§ 416.1400(a)(1)-(4).

It appears that the sole issue raised in the Commissioner's Motion to Dismiss is whether the Appeals Council's dismissal of Dodd's request for review was a "final decision." It is uncontested by the Commissioner that Dodd completed the first three administrative steps. Dodd's application for DIB and SSI were denied during an initial determination. ECF No. 10 at 1. After an unsuccessful reconsideration, Dodd properly requested a hearing before an ALJ. *Id*. The ALJ released his Decision on October 31, 2013. *Id.* On June 4, 2014, the Appeals Council dismissed Dodd's request for review because the request was untimely. ECF No. 10-1. Although the Appeals Council dismissed Dodd's request for review, "[r]efusal to review for failure to file a timely request is not a 'final decision by the Secretary' reviewable under 42 U.S.C. §§ 405(g) . . . ." *Dillow v. Sullivan*,

5

952 F.2d 1396 (4th Cir. 1992). Further, "the Appeals Council's decision to hear an untimely request for review is discretionary and the Appeals Council may deny a request for an extension without a hearing." *Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir. 1990) (citing 20 C.F.R. § 416.1468).

According to a sworn declaration by Kathie Hart, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the Social Security Administration, the ALJ issued his Decision on October 31, 2013, yet Dodd did not file a request for the Appeals Council to review the ALJ's Decision until January 16, 2014. ECF No. 10-1 at 2-3. Consequently, because Dodd's request was filed beyond the permitted sixty-five day period without good cause shown, the Appeals Council dismissed Dodd's request. *Id.* at 4, 18-20. Accordingly, because Dodd's request for review was untimely, the Appeals Council's dismissal of Dodd's request for review was not a final decision, and Dodd has not completed the four administrative steps necessary for judicial review. Therefore, there is no jurisdiction for judicial review of the merits of Dodd's disability claim.

## RECOMMENDATION

For the reasons appearing above, the undersigned **RECOMMENDS THAT** the Commissioner's Motion to Dismiss, ECF No. 9, be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this

Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record by electronic means

DATED: May 11, 2015                    /s/ *James E. Seibert*
                                       JAMES E. SEIBERT
                                       UNITED STATES MAGISTRATE JUDGE