IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VICKIE RENE' DODD,**

    **Plaintiff,**

**v.**                     **CIVIL ACTION NO. 1:14CV133**
                                **(Judge Keeley)**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending for review is the Report and Recommendation ("R&R") (dkt. no. 17) of Magistrate Judge James E. Seibert ("magistrate judge") dated May 11, 2015, recommending that the Court grant "Defendant's Motion to Dismiss" (dkt. no. 9). On June 1, 2015, the plaintiff, Vickie Rene' Dodd ("Dodd"), filed a "Response to Defendant's Motion to Dismiss," which the Clerk of Court docketed as "objections" to the R&R (dkt. no. 19). On June 15, 2015, the Commissioner objected to Dodd's untimely objections to the R&R and sought dismissal (dkt. no. 20). For the reasons that follow, this Court adopts the reasoning in Magistrate Judge Seibert's R&R and **GRANTS** the Commissioner's Motion to Dismiss.

**DODD V. COMMISSIONER OF SOCIAL SECURITY                    1:14CV133**

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

## I. PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Her applications were denied initially and on reconsideration. Plaintiff then filed a request for a hearing before an administrative law judge ("ALJ"). On October 31, 2013, the ALJ issued a decision dismissing her application for DIB and finding she has been disabled since May 13, 2013, based on her application for SSI.

The ALJ's decision informed Dodd of her right to file an appeal with the Appeals Council within sixty (60) days from the date of receipt of the Notice of Decision.[1] In addition, the ALJ's decision instructed Dodd that, if she did not file her request for review withing sixty (60) days of receipt of the Notice of Decision, the Appeals Council would dismiss a late request unless Dodd demonstrated that a good reason for not filing her request for review on time. The ALJ's decision also stated that the Appeals Council would presume Dodd had received a copy of the decision within five (5) days of the date of the decision. Therefore,

---

[1] All facts set forth in the procedural history are undisputed. Citations and exhibits in support of these facts can be found in Defendant's Memorandum in Support of Defendant's Motion to Dismiss.

2

including five (5) additional days for mailing, Dodd was required to file her request for review on or before January 7, 2014, in order for her request to be timely.

The Appeals Council received Dodd's request for review of the ALJ's decision on January 16, 2014. On June 4, 2014, the Appeals Council dismissed her request for review of the ALJ's decision, finding that she had not filed a timely request for review and that there was no good cause to extend the time for filing. The dismissal of a request for Appeals Council review is binding and not subjected to further review. 20 C.F.R. § 416.1472

On August 8, 2014, Dodd filed a Complaint in this Court challenging the decision of the Appeals Council. On October 20, 2014, defendant filed a motion to dismiss Dodd's complaint for lack of jurisdiction because Dodd had failed to exhaust her administrative remedies by failing to timely appeal the ALJ's decision to the Appeals Council, a prerequisite for appealing to federal district court.

On May 11, 2015, Magistrate Judge James E. Seibert issued an R&R finding that Plaintiff had failed to timely request Appeals Council review at the administrative level. He also found the Appeals Council's dismissal of Plaintiff's untimely request for

review did not constitute an appealable final decision and concluded that Dodd had failed to exhaust all administrative remedies, a prerequisite to triggering judicial review. Magistrate Judge Seibert then notified Dodd that she had fourteen (14) days to file objections to his R&R.

On June 1, 2015, six (6) days after her deadline to file objections to the R&R had passed,[2] Dodd filed objections. The defendant has requested that the Court strike these as untimely and adopt the R&R. The Commissioner contends that Dodd has offered no good cause for failing to file her objections to the R&R within the time allotted. It further asserts that she failed to allege good cause for not filing a timely appeal of the ALJ's decision to the Appeals Council during the entirety of the sixty-five (65) day appeal period.

## II. LEGAL AUTHORITY

42 U.S.C. § 405 governs a federal court's judicial review of the Commissioner of Social Security's final decisions. In part, § 405 states:

---

[2]Because Memorial Day was on May 25, 2015, Plaintiff had until May 26, 2015, to file her objections. Even allowing three (3) days for mailing, Plaintiff's filing would still be untimely.

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision* by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> . . .
>
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.*

§ 405(g)-(h) (emphasis added). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision'" of the Commissioner. Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 986, 51 L. Ed. 2d 192 (1977). The Supreme Court has held that "[t]he term 'final decision' is not only left undefined by the Act, but its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

Pursuant to the regulations, once a claimant completes four required administrative steps, the Commissioner is considered to have made a "final decision," and the claimant has "exhausted" her administrative remedies. 20 C.F.R. § 416.1400(a)(5); *see also*

McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992) ("This Court long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts."); Weinberger, 422 U.S. at 766 (finding the Commissioner "may specify such requirements for exhaustion as [s]he deems serve h[er] own interests in effective and efficient administration.").

Pursuant to 20 C.F.R. § 416.1400(a)(2013), the four administrative steps include:

> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

§ 416.1400(a)(1)-(4).

### III.  Discussion of Law

The sole issue pending for review is whether the Appeals Council's dismissal of Dodd's request for review was a "final

decision." The Commissioner does not contest that Dodd completed the first three steps under 20 C.F.R. § 416.1400 relevant to the determination. As the magistrate judge found, Dodd's application for DIB and SSI were denied during an initial determination and on reconsideration. After Dodd had requested a hearing before an ALJ, she amended the alleged onset date of disability to May 13, 2013, a decision that meant she would not be entitled to a period of disability and disability insurance benefits under Title II because she would not have disability insured status on the date of onset. At the hearing, Dodd, through her attorney, voluntarily elected to withdraw her request for hearing as it pertained to her application for DIB benefits.

The ALJ issued his decision on October 31, 2013, finding Dodd disabled under § 1614(a)(3)(A) of the Act since May 13, 2013, and dismissing her application for disability and for DIB benefits. He also concluded that the final determination date as to that portion of her claim was June 29, 2012, the date on which her request for reconsideration had been denied.

On June 4, 2014, the Appeals Council dismissed Dodd's request for review as untimely. As the magistrate judge noted in the R&R, refusing to review for failure to file a timely request is not a

final decision by the Secretary. Dillows v. Sullivan, 252 F.2d 1396(4th Cir. 1992). Moreover, the Ninth Circuit has observed that, "the Appeals Council's decision to hear an untimely request for review is discretionary and the Appeals Council may deny a request for an extension without a hearing." Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990)(citing 20 C.F.R. § 416.1468).

In support of the motion to dismiss, the Acting Commissioner submitted the sworn affidavit of Kathie Hart ("Hart"), Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations Office of Disability Adjudication and Review of the Social Security Administration. In her affidavit, Hart provides a chronology of the progress of Dodd's case following the decision of the ALJ on October 31, 2013. Despite timely notice, Dodd did not file a request for review with the Appeals Council until January 16, 2014, beyond the permitted sixty-five (65) day period. Finding no good cause for the late filing, the Appeals Council dismissed Dodd's request for review. The magistrate judge concluded that the Appeals Council's dismissal was not a final agency decision and that Dodd had not completed the four administrative steps necessary for review. He therefore concluded that the Court had no jurisdiction to review the merits of Dodd's

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

disability claim and recommended that the Commissioner's Motion to Dismiss be granted. The Court agrees with this recommendation and, finding no error, **ACCEPTS** the magistrate judge's R&R in whole. It therefore:

1. **GRANTS** the defendant's motion to dismiss (dkt No. 9);

2. **DISMISSES** this civil action **WITH PREJUDICE;** and

3. **DIRECTS** that it be **STRICKEN** from the active docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Memorandum Opinion and Order Adopting Magistrate Judge's Report and Recommendation to plaintiff by certified mail and to counsel of record.

It is so **ORDERED**.

DATED: January 13, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE